UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CETERA ADVISOR NETWORKS LLC,<br><br>    Plaintiff-in-Interpleader,<br><br>    v.<br><br>PROTECTIVE PROPERTY & CASUALTY INSURANCE COMPANY, CAL CAPITAL LIMITED, and GERALD B. GLAZER,<br><br>    Defendants-in-Interpleader.<br><br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | No. 2:19-cv-00299-JAM-EFB<br><br>**ORDER GRANTING CETERA'S MOTION TO COMPEL ARBITRATION** |

Cetera Advisor Networks LLC ("Cetera"), the custodian of a brokerage account with assets valued at over $450,000 (the "Account"), filed this interpleader action to settle competing demands and claims of ownership over the Account by Protective Property & Casualty Insurance Company ("Protective") and Cal Capital Limited ("Cal Capital"). Compl., ECF No. 1.

Protective then filed counterclaims against Cetera for refusing Protective's recent requests for funds from the Account. Protective Answer to Cetera, ECF No. 5. Cetera moves to compel arbitration of these counterclaims. Cetera Mot., ECF No. 7.

1

For the reasons set forth below, this Court GRANTS Cetera's motion.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Gerald B. Glazer ("Glazer") was the owner of Sacramento Infiniti, an automobile dealership located in Sacramento, California. Protective Answer to Cetera, Counterclaim ¶ 3. Sacramento Infiniti offered customers the option of purchasing a vehicle service contract ("VSC"), which would cover the cost of certain vehicle repairs. Id. Glazer formed Cal Capital to manage the profits received from the sale of the VSCs. Id. ¶ 4.

In 2008, Cal Capital entered into a Trust Agreement with Chesterfield International Reinsurance Limited ("Chesterfield") whereby Chesterfield would process, administer, and adjudicate claims under VSCs. Counterclaim ¶ 5, n1. A trust account would be formed for which Chesterfield would serve as trustee, for the benefit of Cal Capital, and from which Chesterfield would be reimbursed for claims paid to the customers. Id. Chesterfield subsequently entered into an account agreement with Financial Network Investment Corporation ("Financial Network"), now known as Cetera, to open the trust account at issue. Id. ¶ 6.

In 2010, an affiliate of Chesterfield, Lyndon Property Insurance Company ("Lyndon"), now known as Protective, replaced Chesterfield as trustee of the Account. Compl. ¶ 12. In 2013, Lyndon and Cetera executed an updated Account Agreement for the Account, still held for the benefit of Cal Capital. Id. ¶ 14.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 18, 2019.

Currently, Cetera holds the Account, with assets valued in excess of $450,000, in the name of Lyndon (now Protective) as trustee for the benefit of Cal Capital. Id. ¶¶ 1, 20.

Under the terms of the 2013 Account Agreement, Cetera is obligated to pay amounts from the Account as requested by duly authorized entities and in the past Cetera has permitted Lyndon to withdraw from the Account. Compl. ¶ 21. However, in 2018, Lyndon and/or Protective made certain requests for withdrawals from the Account to which Glazer and/or Cal Capital objected and, given that conflict between the parties, Cetera did not make the withdrawals requested by Lyndon and/or Protective. Id. ¶ 15.

On February 15, 2019, pursuant to 28 U.S.C. § 1335, Cetera filed the instant Complaint-in-Interpleader naming Protective, Cal Capital, and Glazer as Defendants-in-Interpleader; depositing the Account with this Court; and requesting a determination of Protective and Cal Capital's rights to the Account. See Compl.

On March 13, 2019, Protective filed an Answer to Cetera's Complaint-in-Interpleader and also brought counterclaims against Cetera and crossclaims against Cal Capital and Glazer. See Protective Answer to Cetera.

On April 19, 2019, Cal Capital filed an Answer to Cetera's complaint (ECF No. 16) and an Answer to Protective's crossclaims (ECF No. 17). In its Answer to Protective, Cal Capital also filed crossclaims against Protective and Portfolio, an alleged business partner and alter-ego of Protective. Protective then filed an Answer to Cal Capital's crossclaims. ECF No. 24. Portfolio (formally Portfolio General Management Group, Inc.) also filed an Answer to Cal Capital's crossclaims. ECF No. 28.

3

On April 19, 2019, Glazer filed an Answer to Cetera's complaint in which he disclaimed any personal claim to the Account and denied any personal objection to specific withdrawal requests. ECF No. 14. Glazer also filed an Answer to Protective's crossclaims. ECF No. 25.

Cetera moves to compel arbitration of Protective counterclaims against Cetera: (1) Breach of Contract, (2) Breach of the Covenant of Good Faith and Fair Dealing, (3) Breach of Fiduciary Duty, and (4) Violation of California Business & Professions Code § 17200. Cetera Mot. Protective opposes Cetera's motion in full. Protective Opp'n, ECF No. 31. Cal Capital opposes Cetera's motion to the extent it seeks to compel arbitration of Protective's breach of fiduciary duty claim against Cetera or any of Cal Capital's crossclaims against Protective. Cal Capital Opp'n, ECF No. 32. Glazer opposes Cetera's motion only to the extent it seeks to compel arbitration of Protective's crossclaim against Glazer. Glazer Opp'n, ECF No. 30.

II. OPINION

A. Arbitrability of Protective's Counterclaims

Section 16 of the 2013 Account Agreement (the "Arbitration Provision") provides in relevant part: "Client hereby agrees that all controversies, which arise between the parties concerning any transaction or the construction, performance, or breach of this Agreement that cannot be settled, shall be submitted to arbitration in accordance with the rules then in effect of the Financial Industry Regulatory Authority, Inc." Arbitration Provision, ECF No. 7-2, Exhibit C at 5. The Federal Arbitration

4

Act ("FAA") governs the Arbitration Provision. 9 U.S.C. §§ 2, 4.

Under the FAA, a court must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement. Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). This Court finds the Arbitration Provision valid and enforceable.

Cetera and Protective agree that the counterclaims fall within the scope of the Arbitration Provision. See Cetera Mot. at 6-7; Protective Opp'n at 7. Cal Capital, however, argues the Arbitration Provision does not apply to Protective's cause of action against Cetera for breach of fiduciary duty. See Cal Capital Opp'n. This Court finds Cal Capital's argument to be without merit. Even if the Arbitration Provision is interpreted narrowly, which it need not be, it squarely covers a claim for breach of fiduciary duty related to Cetera's withholding of funds requested by Protective pursuant to the Account Agreement because it is a "controvers[y]" "concerning" Cetera's "performance" of the agreement. ECF No. 7-2, Exhibit C at 5; see Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2d 1458, 1464 (9th Cir. 1983) (finding breach of fiduciary duty claim to be arbitrable as related to the interpretation and performance of the contract at issue).

Additionally, Protective's claim is intertwined with its counterclaims for Cetera's alleged breach of the Account Agreement, the fiduciary relationship itself is predicated on the Account Agreement, and it would be inefficient and potentially prejudicial for this claim to be resolved separately from Protective's other claims.

B.   <u>Waiver of Right to Compel Arbitration</u>

While Protective concedes its counterclaims would normally be subject to arbitration, Protective argues Cetera waived its right to arbitrate the counterclaims by filing the interpleader action and failing to timely address Protective's demands for payments.  Protective Opp'n at 7-13.  This Court disagrees.

Under the FAA, there is a clear "federal policy favoring arbitration" and "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 24-25 (1983).  Thus, while the "right to arbitration, like any other contract right, can be waived," "waiver of the right to arbitration is disfavored" and "'any party arguing waiver of arbitration bears a heavy burden of proof.'" <u>United States v. Park Place Assocs., Ltd.</u>, 563 F.3d 907, 921 (9th Cir. 2009) (quoting in part <u>Fisher v. A.G. Becker Paribas Inc.</u>, 791 F.2d 691, 694 (9th Cir. 1986)).  "A party seeking to prove waiver of a right to arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts." <u>Fisher</u>, 791 F.2d at 694.

First, Cetera has not acted inconsistent with any right to compel arbitration by filing the interpleader action.  Cetera has not filed an action seeking damages from Protective.  <u>Contra</u>

Hebei Hengbo New Materials Tech. Co. v. Apple, Inc., 344 F. Supp. 3d 1111, 1122 (N.D. Cal. 2018). Cetera is essentially a neutral in this interpleader action, simply holding the property subject to a dispute between Protective and Cal Capital.

Second, Protective has not been prejudiced by Cetera filing the interpleader action. Protective complains of the added costs of potentially duplicative filings, but does not explain why then, in the first instance and given its arguments, it did not seek to dismiss the interpleader action under the Arbitration Provision. See Martin v. Yasuda, 829 F.3d 1118, 1126 (9th Cir. 2016) (discussing lack of prejudice from "self-inflicted wounds" incurred from continuing to litigate in federal court prior to moving to compel arbitration). Nor is this Court persuaded by Protective's arguments surrounding delay, as Protective could have compelled arbitration against Cetera for these very counterclaims once it determined a settlement was not viable. See Arbitration Provision. Cetera is properly seeking to avoid being held doubly liable for any distribution decision; Cetera is not trying to manipulate the process or forum shop.

Thus, this Court finds that Cetera has not waived its right to compel arbitration of Protective's counterclaims.

C. Stay of Claims

Having concluded that Protective's counterclaims against Cetera are subject to the Arbitration Provision and that Cetera has not waived its right to compel arbitration, this Court stays Protective's counterclaims against Cetera. 9 U.S.C. § 3. This Court has not compelled arbitration of Protective's crossclaims or the interpleader action itself, and thus declines to dismiss

7

| | |
|---|---|
| 1 | the counterclaims.  Contra Sparling v. Hoffman Const. Co., 864 |
| 2 | F.2d 635, 638 (9th Cir. 1988).  Moreover, dismissal of the |
| 3 | counterclaims on the theory of failure to exhaust non-judicial |
| 4 | remedies is not appropriate as an unenumerated Rule 12(b) motion. |
| 5 | Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014). |

### III.  ORDER

For the reasons set forth above, this Court GRANTS Cetera's Motion to Compel Arbitration (ECF No. 7), and hereby STAYS Protective's counterclaims against Cetera pending the outcome of the arbitration.

IT IS SO ORDERED.

Dated:  July 15, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

8