UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CETERA ADVISOR NETWORKS, LLC<br><br>  Plaintiff,<br><br>  v.<br><br>PROTECTIVE PROPERTY & CASUALTY INSURANCE OMPANY, CAL CAPITAL LTD., GERALD B. GLAZER,<br><br>  Defendants. | No. 2:19-cv-00299-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CLARIFY AND/OR REVISE ORDER** |

In August 2019, Protective Property & Casualty Insurance Company ("Protective") filed a motion to "clarify or revise" this Court's July 2019 Order. ECF No. 36. Cetera Advisor Networks LLC ("Cetera"), Cal Capital Limited ("Cal Capital"), and Gerald B. Glazer each interpreted the motion differently and responded in kind. See Cetera Opp'n, ECF No. 37; Cal Capital Opp'n, ECF No. 38; Glazer Opp'n, ECF No. 39. The Court likewise lacks certainty as to the type of relief Protective's motion requests and it appears that Progressive's motion seeks an advisory opinion from the Court as to events which have not yet occurred. The Court

1

therefore DENIES Protective's motion WITHOUT PREJUDICE.[1]

## I. BACKGROUND

Cetera Advisor Networks LLC ("Cetera"), the custodian of a brokerage account (the "Account"), filed this interpleader action to settle competing demands and claims of ownership over the Account by Protective and Cal Capital. Compl., ECF No. 1. Protective then filed counterclaims against Cetera for refusing Protective's recent requests for funds from the Account. Protective Answer to Cetera, ECF No. 5.

In response, Cetera filed a motion to compel arbitration of Protective's counterclaims. Cetera Mot., ECF No. 7. The Court granted that motion and stayed Protective's counterclaims pending the outcome of arbitration. Order, ECF no. 35. Shortly thereafter, Protective filed a Motion to Clarify or Revise the Court's order. ECF No. 36. The motion contends:

> Protective is unclear as to the order in which it must prosecute its counterclaims in arbitration against Cetera versus its litigation over the funds at issue in this action, i.e. whether the Federal Court action should be stayed pending the outcome of the arbitration action.

Mot. at 5. Protective also asks—rhetorically, it seems—"how[] this interpleader may proceed where Protective's counter claims . . . directly challenge Cetera's entitlement to interpleader relief." Id.

Despite their differing interpretations of Protective's motion, Cetera, Cal Capital, and Glazer each opposed it. Cetera and Glazer argue Protective's motion improperly seeks

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for October 8, 2019.

2

reconsideration of the Court's July 2019 Order. See Cetera Opp'n at 6-9; Glazer Opp'n at 2-4. Cal Capital, on the other hand, reads the motion as a request to stay the interpleader action pending arbitration of Protective's counterclaims. Cal. Capital Opp'n at 4-6. Protective insists its motion to clarify is not a motion for reconsideration in disguise. Reply at 2-3. It does not, however, contest Cal Capital's categorization of the motion as a motion to stay. Indeed, Protective's reply seems to concede as much. See Reply at 4, ECF No. 40 ("[T]his Court should stay this interpleader action so that Protective may prosecute its claims against Cetera without undue prejudice.")

Ultimately, Protective failed to clearly explain what type of relief or remedy it was seeking through its motion. This lack of clarity deprived opposing counsel of a meaningful opportunity to respond to Protective's arguments and prevents the Court from fairly adjudicating the issues. The Court also cannot advise litigants as to how they should proceed in resolving the issues raised by their respective claims until an action is taken that squarely places the issue before this court. When parties opt to file motions with this Court, they must specifically identify the action or conduct being challenged and set forth the proper legal standard the court should apply in resolving the issue. Protective's motion does neither. Progressive's motion, as interpreted by the Court seeks an improper advisory opinion and therefore fails.

## II. ORDER

For the reasons set forth above, the Court DENIES

Protective's motion WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 1, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE