UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CETERA ADVISOR NETWORKS, LLC,<br><br>    Plaintiff-in-interpleader,<br><br>        v.<br><br>PROTECTIVE PROPERTY AND CASUALTY INSURANCE COMPANY, a Missouri corporation; CAL CAPITAL LIMITED, an alien corporation; and GERALD B. GLAZER, an individual,<br><br>    Defendants-in-interpleader. | No.  2:19-cv-0299-JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CETERA ADVISOR'S EX PARTE APPLICATION** |

Cetera Advisor Networks LLC ("Cetera") is the custodian of a brokerage account with over $450,000.00 in assets ("Account"). After a decade long business relationship, Protective Property & Casualty Insurance Company ("Protective") and Cal Capital Limited ("Cal Capital") presented conflicting claims of ownership to funds within the Account.  Id.  In December 2019, Cetera filed a motion for interpleader deposit requesting the Court allow deposit of the disputed funds, grant judgment on Cetera's interpleader action, and award Cetera costs and attorney's fees.

1

1  ECF No. 47.  The Court only granted Cetera a portion of its

2  requested fees, but otherwise granted the motion in full.  April

3  10, 2020 Order, ECF No. 54.  Protective filed a motion to amend

4  the order shortly thereafter.  ECF No. 55.

5      The parties disagree about whether Cetera may liquidate the

6  Account's assets and deposit the resulting funds before the Court

7  resolves Protective's motion.  Protective wants the Account to

8  stay in its current form and Cal Capital wants the funds

9  deposited before its value further declines.  See Ex parte

10 Application to Stay Certain Proceedings ("Ex parte App.") at 8-9;

11 Opp'n by Cal Capital ("Cal Capital Opp'n") at 4-6, ECF No. 60.

12 In an attempt to avoid picking a side, Cetera requests the Court

13 stay the deposit of the disputed funds and/or stay the concurrent

14 arbitration proceedings.  Ex parte App. at 8-10.

15     For the reasons discussed below, the Court grants in part

16 and denies in part Cetera's request.  The Court stays Cetera's

17 liquidation of the Account until the July 14, 2020 hearing on

18 Protective's motion to amend.  The Court, however, denies

19 Cetera's motion to stay Protective's FINRA arbitration.

20

21                        I.   OPINION

22     "A trial court may . . . find it is efficient for its own

23 docket and the fairest course for the parties to enter a stay of

24 an action before it."  Leyva v. Certified Grocers of California,

25 Ltd., 593 F.2d 857, 863 (9th Cir. 1979) (collecting cases).

26 Deciding whether to grant a stay pending the outcome of other

27 proceedings "calls for the exercise of judgment, which must weigh

28 competing interests and maintain an even balance."  Landis v. N.

                                2

1   Am. Co., 299 U.S. at 254–55 (1936).  The party seeking a stay

2   must "make out a clear case of hardship or inequity in being

3   required to go forward, if there is even a fair possibility that

4   the stay for which he prays will work damage to [someone] else."

5   Id. at 255.  The court must weigh several factors, including "(1

6   the possible damage which may result from the granting of a stay,

7   (2) the hardship or inequity which a party may suffer in being

8   required to go forward, and (3) the orderly course of justice

9   measured in terms of the simplifying or complicating of issues,

10  proof, and questions of law which could be expected to result

11  from a stay."  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.

12  1962) (citing Landis, 299 U.S. at 254–55).

13      Having considered these factors, the Court finds it

14  appropriate to stay liquidation of the Account and deposit of the

15  Account assets.[1]   Admittedly, there is a "fair possibility"

16  that delayed liquidation will work damage to Cal Capital and

17  Protective.  As Cal Capital argues, the value of the Account's

18  assets has already declined.  Cal Capital Opp'n at 5.  There is a

19  risk that if the Court further delays liquidation, the exchange-

20

21  [1] As a preliminary matter, the Court does not agree with
    Protective that the ex parte nature of Cetera's request is
22  improper.  See Protective Opp'n at 5.  As Protective concedes,
    the use of an ex parte procedure is justified when the party
23  seeks a routine procedural order that cannot be obtained through
    a regularly noticed motion.  Id. (quoting Moore v. Chase, Inc.,
24  No. 1:14-cv-001178, 2015 WL 4636750, at *2 (E.D. Cal. Aug. 3,
    2015).  The Eastern District of California currently ranks first
25  in the Ninth Circuit and eighth nationally in weighted filings.
    In re Approval of Judicial Emergency Declared in Eastern District
26  of California, 956 F.3d 1175, 1179-80 (9th Cir. 2020).  Had
    Cetera regularly noticed its motion, the Court would not have
27  decided it prior to the July 14, 2020 hearing.  This timeline
    would have rendered Cetera's request moot.
28

traded products within the Account will continue to fluctuate to the parties' detriment.  Id.  But this hypothetical harm is outweighed by the hardship or inequity Cetera may face if it deposits the Account funds prior to this Court's resolution of Protective's pending motion.  Cetera, once again, finds itself in the crosshairs of Protective and Cal Capital's competing demands on the Account.  Protective has already told Cetera that if it "chooses to liquidate invested assets at this time, it does so completely at its own risk and with knowledge that an additional claim against it will ensue."  Ex. B to Tricker Decl. ISO Ex parte App., ECF No. 56-1.  Meanwhile, Cal Capital has indicated its "prefer[ence] that the account be liquidated to avoid any further market risk."  See Ex. C to Tricker Decl. Absent judicial intervention, Cetera, again, faces dual liability.

The Court therefore stays liquidation of the Account and deposit of the Account assets until July 14, 2020.  At the July 14 hearing, the parties must be prepared to discuss Protective's pending motion to amend.  In the event the Court denies Protective's motion, the parties must also be prepared to discuss their preferred method of depositing the Account assets.  The Court's Administrative Office has identified three options: (1) placing a consensual lien on the Account assets pending resolution of the parties' dispute; (2) liquidating the Account assets and depositing the funds with the Court; and (3) posting a bond "payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper."  See 28 U.S.C. § 1335(a)(1).  If the parties cannot come to an agreement,

the Court will take the issue under submission and decide which option Cetera must utilize.

The Court does not, however, stay the FINRA arbitration. The claims previously compelled to arbitration, ECF No. 35, are properly before the arbitrator.  The arbitrator, not the Court, must decide (1) whether the Court's April 10, 2020 Order has a res judicata effect on the arbitration proceedings, and (2) when it is most sensible to make that determination.  The Court declines to interfere with that decision-making process.

## II.   ORDER

For the reasons discussed above, the Court GRANTS IN PART and DENIES IN PART Cetera's ex parte request.  The Court STAYS Cetera's liquidation and deposit of the Account funds until the July 14, 2020 hearing on Protective's motion to amend.  The Court, however, DENIES Cetera's motion to stay Protective's FINRA arbitration. IT IS SO ORDERED.

Dated: June 26, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE